■ WESLEY E. FREEBURG, Appellant, v TRANS WORLD METALS, INC., et al., Respondents.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered December 29, 1989, denying plaintiff's motion for leave to amend his complaint to assert claims under the Racketeer Influenced and Corrupt Organizations Act, unanimously affirmed, without costs.

Plaintiff's proposed amended complaint seeks to assert claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) in addition to the breach of contract, conversion, diversion of corporate assets and breach of fiduciary duty claims asserted in the original complaint. The complaint arises out of plaintiff's investment, along with defendant Trans World Metals, Inc. and the individual defendants, in defendant Trans World Steel, Inc. The investment agreement provided for plaintiff to be named an officer in Trans World Steel and for defendants to buy out plaintiff's investment should he be terminated. The original complaint alleged that Trans World Metals and defendants had established Trans World Steel solely to raid its assets. The amended complaint sought to assert RICO violations by defendants, pursuant to which plaintiff alleged 46 separate predicate acts of mail and wire fraud.

Plaintiff's motion to amend the complaint was properly

denied. Although leave to amend "shall be freely given" (CPLR 3025 [b]), plaintiff has failed to allege the requisite elements to establish a " 'pattern of racketeering activity' " as defined by the United States Supreme Court in *H.J. Inc. v Northwestern Bell Tel. Co.* (492 US —, —, 109 Ct 2893, 2897). Plaintiff has failed to allege that the predicates are related and that they amount to or pose a threat of continued criminal activity. (492 US —, —, 109 S Ct 2893, 2900, *supra.)* The *" 'continuity plus relationship' "* requirement envisions a claim of a series of related predicates extending over a substantial period of time. (492 US, at —, 109 S Ct, at 2900, *supra.)* Predicate acts extending over only a few weeks or months are inadequate. (492 US —, —, 109 S Ct 2893, 2902, *supra.)* Here, since plaintiff has alleged predicate acts occurring over a period of only two months and two days and has failed to allege that the acts complained of threaten future criminal conduct, there is no basis for finding a "threat of continuity". (492 US, at —, 109 S Ct, at 2902, *supra.)* Having so failed to properly plead a RICO claim and its elements, we find no reason to disturb the result reached by the Supreme Court. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.

